IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

COLUMBIA GAS TRANSMISSION, LLC and
NiSOURCE MIDSTREAM SERVICES, LLC,

    Plaintiffs,

v.                                        Civil Action No. 5:11CV85
                                                    (STAMP)
CAIMAN ENERGY, LLC,

    Defendant.

**MEMORANDUM OPINION AND ORDER
CONFIRMING THE PRONOUNCED ORDER OF THE COURT
DENYING THE PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER**

I. Background

    The plaintiffs, Columbia Gas Transmission, LLC ("Columbia") and NiSource Midstream Services, LLC ("NiSource"), filed the above-styled civil action in this Court to enjoin the defendant, Caiman Energy LLC ("Caiman"), from using the plaintiffs' pipeline rights-of-way as a pipeline crossing for Caiman's own pipeline without a "full safety review" by the plaintiffs and approved safety measures being undertaken by Caiman. The plaintiffs argue that Caiman's use of the rights-of-way without this review interferes with the plaintiffs' right and obligation to safely operate and maintain its own pipeline under federal and state law.

    NiSource operates Line 1758, a twenty inch natural gas and liquids pipeline operated at 900 pounds of pressure per square inch. NiSource also operates Line 10100, a twenty-six inch natural gas pipeline operated at 400 pounds of pressure per square inch. NiSource owns rights-of-ways across properties in Marshall County,

West Virginia on which these lines run. These rights-of-ways provide NiSource the right to operate and maintain the pipelines. The defendant seeks to construct and operate its own natural gas pipeline, which will cross the plaintiffs' pipelines. The defendant believes that the plaintiffs' request for a full safety review does not comport with industry standard, partly evidenced by its assertion that the defendant has crossed the plaintiffs' pipelines on at least 19 other occasions within the past 18 months without having to provide the plaintiffs with similar information. On these prior occasions, Caiman states it has provided the plaintiffs with information regarding the proposed crossings such as the geographic locations of the crossings. The defendant asserts that it has invited the plaintiffs to have personnel on-site to conduct inspections during the excavation process.

The plaintiffs filed a motion for a temporary restraining order, preliminary and permanent injunction. In support of this motion, the plaintiffs argue: (1) they are likely to succeed on the merits; (2) they will be irreparably injured by a denial of their requested temporary restraining order and injunctive relief; (3) granting the plaintiffs' preliminary relief will cause the defendant no significant harm; and (4) granting the plaintiffs' preliminary relief is in the public interest. The plaintiffs contend that they are not attempting to block the construction of the defendant's pipeline. Instead, the plaintiffs state that they

are merely trying to make certain that the crossing is done in a safe manner.

The defendant then filed a response in opposition, contending: (1) the plaintiffs are not likely to succeed on the merits because the defendant has a valid and enforceable property interest and has complied with all applicable laws related to pipeline crossings; (2) the plaintiffs present no evidence of irreparable harm; (3) the defendant will suffer harm if the plaintiffs' request for injunctive relief is granted; and (4) injunctive relief does not promote the public interest.

On June 21, 2011, the parties appeared before this Court for a hearing pursuant to Federal Rule of Civil Procedure 65 on the plaintiffs' motion for a temporary restraining order.[1]  For the reasons set forth below, this Court denies the plaintiffs' motion for a temporary restraining order.[2]

## II.  Applicable Law

The United States Court of Appeals for the Fourth Circuit has recognized that preliminary injunctions and temporary restraining orders "are extraordinary remedies involving the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances."  <u>MicroStrategy Inc. v. Motorola, Inc.</u>, 245 F.3d

---

[1] At the hearing, this Court received evidence and heard argument and testimony only as to the plaintiffs' motion for a temporary restraining order.

[2] This memorandum opinion and order confirms the pronounced ruling of this Court made at the conclusion of the June 21, 2011 motion hearing.

335, 339 (4th Cir. 2001) (quoting <u>Direx Israel, Ltd. v. Breakthrough Med. Corp.</u>, 953 F.2d 802, 816 (4th Cir. 1992)) (internal quotations omitted).

In <u>The Real Truth About Obama, Inc. v. Federal Election Commission</u>, 575 F.3d 342, 346-47 (4th Cir. 2009), the Fourth Circuit set forth the equitable factors that a district court must consider when determining whether a temporary restraining order or preliminary injunction should issue. The four factors that the plaintiffs must establish to obtain a temporary restraining order under the Fourth Circuit test are:

> (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.

<u>Id.</u> at 346 (citing <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 129 S. Ct. 365, 374 (2008)).

### III. <u>Discussion</u>

A. <u>Likelihood of Success on the Merits</u>

In this case, the plaintiffs seek a temporary restraining order prohibiting the defendant from using the rights-of-way for a pipeline crossing until a proper safety study has been completed and appropriate steps to ensure the safety of the pipelines. It is undisputed in this case that both NiSource and Caiman have separate valid right-of-way agreements which grant them the right to operate and maintain gas pipelines over the property involved in this civil action. NiSource argues that Caiman is interfering with NiSource's

rights-of-way by crossing the pipelines without NiSource's review of its plans, which has the potential to significantly and negatively impact NiSource's pipelines, the environment, and surrounding persons and property, should the crossing be done improperly.

The plaintiffs contend that NiSource's safety requirements have been created and implemented to ensure the safety of the party crossing the pipelines, the integrity of the pipeline being crossed, as well as the safety of the public and the environment. NiSource additionally requires safety requirements for pipelines being crossed in an active mining zone.

This Court finds that the plaintiffs have not made a clear showing that they are likely to succeed on the merits at this point. The defendant is correct that the plaintiffs have not shown that NiSource's easement is exclusive. Both easements allow both parties to construct and operate a natural gas pipeline.

The plaintiffs contend that they have discretion on whether to allow a crossing pipeline and that Caiman knew that it was buying an interest in property second in time to the plaintiffs' easement. While the plaintiffs are correct that Caiman cannot destroy or harm NiSource's easement, it is incorrect to argue that they may determine whether Caiman can utilize its subsequent natural gas pipeline easement simply because NiSource's easement is first in time. The plaintiffs contend that this case is equivalent to a landowner who purchases a property with a right-of-way easement and

then complains of the easement owners traversing the land.  This Court does not agree.  In this case, Caiman did not purchase an interest in property and then complain that the first easement holder should be enjoined from the use of his property interest.  In this situation, it is actually the first easement holder, NiSource, stating that the second easement holder, Caiman, cannot perform a valid use of its easement simply because there <u>might</u> be a risk of harm to the first easement holder.

Additionally, the plaintiffs have not made a clear showing that its requirements for Caiman are necessary or that its requirements represent the industry standard for pipeline crossings.  The plaintiffs, at the hearing, have not provided this Court with any specific information on how Caiman's proposed operations are unsafe.  Furthermore, the plaintiffs have not made a clear showing that Caiman has not followed federal and state regulations and laws, specifically, the Natural Gas Act, 15 U.S.C. § 717-717z, the Natural Gas Pipeline Safety Act, 49 U.S.C. § 60101, <u>et seq.</u>, or W. Va. Code § 24B-1-1, <u>et seq.</u>  The plaintiffs have shown neither that the they have complete discretion regarding the crossing given the industry standards, nor that the above statutes specifically require that the defendant comply with the plaintiffs' requirements.  This Court also notes that NiSource has allowed Caiman to cross its pipelines on at least 19 other occasions without imposing these requirements.  While this factor alone is not an equitable bar, or estop the plaintiffs from making their

arguments, this Court does take that factor into account in making its determination regarding the granting of a temporary restraining order.

Based on the testimony presented to this Court, the plaintiffs have not clearly shown at this point that they will succeed on the merits at trial. As this Court noted at the hearing, this finding may change as this case proceeds through discovery.

B.  <u>Irreparable Harm in the Absence of Preliminary Relief</u>

<u>Winter v. Natural Resources Defense Council, Inc.</u> "requires that the plaintiff make a clear showing that it is likely to be irreparably harmed absent preliminary relief." <u>Real Truth About Obama, Inc.</u>, 575 F.3d at 347. In this case, the plaintiffs' complaint, motion for temporary restraining order, and hearing testimony include no facts in support of the argument that the plaintiffs are likely to be irreparably harmed absent a temporary restraining order. The plaintiffs assert that interference with the ability to properly maintain a natural gas pipeline poses the threat of irreparable harm. However, the defendant correctly notes that irreparable harm to the plaintiffs must be actual and imminent, not remote and speculative. See <u>Mylan Pharmaceuticals, Inc. v. Thompson</u>, 207 F. Supp. 2d 476, 484 (N.D. W. Va. 2001). As mentioned above, the plaintiffs have not made a clear showing that the defendant has failed to follow state and federal laws. The plaintiffs also have not shown that the defendant's safety standards fall below the industry standard. The plaintiffs merely

allege that they could <u>potentially</u> be irreparably harmed if the defendant damages the plaintiffs' pipelines. Accordingly the plaintiffs failed to establish that they are likely to suffer irreparable harm in the absence of a temporary restraining order.

C. <u>Balance of Equities</u>

When weighing the parties' respective injuries and balancing the equities to determine whether a preliminary injunction should issue, the court should consider: (1) the relative importance of the rights asserted and the act sought to be enjoined; (2) the preservation of the status quo; and (3) the balancing of damage and convenience generally. <u>See</u> <u>Sinclair Refining Co. v. Midland Oil Co.</u>, 55 F.2d 42, 45 (4th Cir. 1932). In this case, the plaintiffs state that the granting of a temporary restraining order will not cause the defendant significant harm.

The defendant states that it will suffer harm if the plaintiffs' request is granted. It argues that in order to protect the status quo, this Court must deny the request for a temporary restraining order. Caiman states that crossings of pipeline often occur and that granting injunctive relief would set a dangerous precedent in allowing existing owners of pipeline easements to exert unilateral control over the crossing process by other easement holders. The plaintiffs state that their review process will take up to sixty days. The defendant states that in normal industry practice, the review process and decision occur within several days of initial notice. Caiman asserts that requiring it

to wait two months prior to crossing a pipeline when there is insufficient evidence of unsafe or improper actions, would harm its business operations and its relationships with its customers.

Caiman also contends that it has incurred and continues to incur costs from its contractors for mobilizing equipment and constructing the pipeline out of sequence. It argues that it has experienced more damages than the plaintiffs.

This Court finds that the balance of equities does not tip in favor of the plaintiffs. Furthermore, because this Court has found that the plaintiffs "failed to show that they will suffer irreparable harm in the absence of a [temporary restraining order;] the balance of equities does not favor Plaintiffs." Z-Man Fishing Products, Inc. v. Renosky, --- F. Supp. 2d ----, 2011 WL 1930636 (D.S.C. 2011).

D.  Public Interest

In Winter v. Natural Resources Defense Council, Inc., "the Supreme Court emphasized the public interest requirement, stating, 'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" Real Truth About Obama, 575 F.3d at 347 (quoting Winter, 129 S. Ct. at 376-77). In this case, both the plaintiffs and the defendant can accurately and appropriately argue that the public interest is in their favor. The plaintiffs are correct that there is an important public interest in safely transporting energy products. Similarly, the

9

defendant is correct that it is in the public interest to provide pipeline crossings such as those contemplated in this case to those companies that are entitled to them under a valid right-of-way agreement.

Because the plaintiffs have failed to establish the four factors laid out in <u>The Real Truth About Obama, Inc.</u>, this Court finds that the issuance of a temporary restraining order is unwarranted at this time.  The plaintiffs can show no undue hardship as a result of the denial of their motion for a temporary restraining order.  This Court also believes that it is important to note that the plaintiffs have not acted in bad faith by filing the motion for a temporary restraining order.  As stated above, the plaintiffs did not make a clear showing at the trial that their requests of the defendant were the industry standard.

## IV. <u>Conclusion</u>

For the reasons stated above, the plaintiffs' motion for a temporary restraining order is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   June 27, 2011

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE